UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1984 PA (DTBx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | Brock Hobson v. Linde, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:
None   None

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Linde, LLC ("Defendant") on September 16, 2016. (Docket No. 1 ("Notice of Removal").) Defendant contends that the Court has jurisdiction over the putative class action brought against it by plaintiff Brock Hobson ("Plaintiff") based on diversity of citizenship under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), as well as federal question jurisdiction premised upon preemption by § 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185.[1] (See Notice of Removal, ¶¶ 1, 2, 45.)

**I.   Background**

Plaintiff filed his Complaint in San Bernardino Superior Court on August 9, 2016 on behalf of himself and a putative class of industrial truck workers, truck drivers, and similar past and current employees of Defendant. (Docket No. 1, Exh. A, Complaint.) The Complaint alleges failure to pay straight time and overtime wages; failure to provide meal and break periods or compensation in lieu thereof; failure to provide accurate, itemized wage statements; and failure to pay all wages due at termination. (Id., 24–43.) Based on these allegations, the Complaint makes claims for violations of the California Labor Code, the California Code of Regulations, Industrial Welfare Commissions California Wage Orders, and the California Unfair Competition Law. (Id.) Defendant alleges that the terms of Plaintiff's employment with Defendant were covered by a collective bargaining agreement between Defendant and Teamsters Local 986, a labor union. (Notice of Removal, ¶ 54.)

**II.   Legal Standard**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins.

---

[1]   The Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction sua sponte.'" Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 593, 124 S. Ct. 1920, 1937, 158 L. Ed. 2d 866 (2004) (quoting United States v. So. Cal. Edison Co., 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1984 PA (DTBx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | Brock Hobson v. Linde, LLC, et al. | | |

Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. §1441. The removal statutes are construed restrictively, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09, 61 S. Ct. 868, 872, 85 L. Ed. 1214, 1219 (1941); see also Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006). The district court must remand the case if, before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c). There is a "strong presumption" against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

**III.    CAFA Diversity Jurisdiction**

Defendant first contends that the Court has subject matter jurisdiction pursuant to CAFA. CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds $5 million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5). Although CAFA eliminated many obstacles to bringing a class action in federal court, the burden of establishing that jurisdiction exists remains on the removing defendant. Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006).

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300–01 (9th Cir. 1989). Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company."); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000) ("[A] limited liability company has the citizenship of its membership." (citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction."). "Absent unusual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1984 PA (DTBx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | Brock Hobson v. Linde, LLC, et al. | | |

circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857.

Here, Defendant has not properly alleged its own citizenship. While Defendant identifies the proper test for determining an LLC's citizenship (Notice of Removal, ¶ 24), Defendant goes on to state:

> Linde LLC is a limited liability company organized under the laws of Delaware. Linde's principal place of business is Bridgewater, New Jersey. All of Linde's business, executive, and administrative operations, including any California operations, are centrally managed from its headquarters in New Jersey. Linde has five managers: Patrick F. Murphy, Jens Lühring, Clifford Cladwell, Raymond E. Carr and G. Gregory Schuetz. None of these individuals reside in California.

(Notice of Removal, ¶ 25.) Defendant further alleges that the five managers are citizens of New Jersey, New York, and Pennsylvania. (Id.)

Because Defendant is a limited liability company, and not a corporation, Defendant's allegations concerning its state of organization and its principal place of business do not define its citizenship. Additionally, because Defendant has presented no evidence to suggest that its managers are also all of its members, the citizenships of Defendant's managers are irrelevant. See Burge v. Sunrise Med. (US) LLC, Civil Action No. 13-cv-02215-PAB-MEH, 2013 WL 6467994, at *3 (D. Colo. Dec. 9, 2013) ("Defendants do not attempt to equate Apollo's managers and members, and therefore the citizenship of an LLC's managers is not relevant."); see also Del. Code Ann. tit. 6, § 18-101(10), (11) (West 2010) (defining the terms "manager" and "member" separately and differently for purposes of Delaware LLCs). Defendant provides no other information regarding its members' citizenship. Because the Notice of Removal has not sufficiently alleged Defendant's own citizenship, the Court cannot determine whether diversity of citizenship exists between at least one plaintiff and one defendant as required under CAFA. Therefore, the Court finds that subject matter jurisdiction premised upon CAFA cannot be exercised in this case and Defendant has not established that removal under CAFA was proper.

## IV.    Federal Question Jurisdiction

Defendant also claims the Court has subject matter jurisdiction because the action arises under federal law, namely § 301 of the LMRA. See 28 U.S.C. § 1331. Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1984 PA (DTBx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | Brock Hobson v. Linde, LLC, et al. | | |

1996).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Section 301 of LMRA states:  "Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ."  29 U.S.C. § 185(a).  The Supreme Court has interpreted § 301 to require claims "alleging a violation of a provision of a labor contract [to] be brought under § 301 and be resolved by reference to federal law."  Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211, 105 S. Ct. 1904, 1911, 85 L. Ed. 2d 206 (1985).  This preemption of state claims extends "beyond suits alleging contract violations" to those requiring interpretation of the provisions of labor agreements:

> [Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by references to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort.  Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract.

Id.

However, the scope of § 301 preemption is not absolute:

> [N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law . . . .  Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law.  In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

Id. at 211–12, 105 S. Ct. 1911–12, 85 L. Ed. 2d 206.  "[T]o help preserve state authority in areas involving minimum labor standards, the Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement."  Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000).  In particular, "when the meaning of contract terms is not subject to dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished."  Livadas v. Bradshaw, 512 U.S. 107, 124, 114 S. Ct. 2068, 2078, 129 L. Ed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1984 PA (DTBx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | Brock Hobson v. Linde, LLC, et al. | | |

2d 93 (1994). "[E]ven if dispute resolution pursuant to a [collective bargaining agreement], on one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 preemption purposes." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 409–10, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988).

Accordingly, preemption under § 301 requires a two-step analysis. Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). First, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a [collective bargaining agreement]." Id. If the right is conferred by a collective bargaining agreement, preemption applies. Id. If the right is conferred by state law, the Court must determine whether the plaintiff's claim is nevertheless "substantially dependent on analysis of a collective bargaining agreement." Id. (internal quotation marks omitted). If the claim requires the court to "interpret," rather than merely "look to," the collective bargaining agreement, then the claim is substantially dependent thereon and is preempted by § 301. Id. at 1060; see also Detabali v. St. Luke's Hospital, 482 F.3d 1199, 1203 (9th Cir. 2007) (internal quotation marks omitted) ("The plaintiff's claim is the touchstone for this analysis; the need to interpret the collective bargaining agreement must inhere in the nature of the plaintiff's claim.").

In its Notice of Removal, Defendant contends that the collective bargaining agreement must be interpreted to determine:

a. What duties obligations Defendant owed Plaintiff, or any members of the class he seeks to represent, for the relevant time period;
b. Whether Plaintiff or any particular class member was properly paid in accordance with the rights granted to him by the relevant collective bargaining agreements.

(Notice of Removal, ¶ 56.) In particular, Defendant contends that the collective bargaining agreement defines varying rates of pay depending on the activity performed. (Id., ¶ 58.)

Defendant's conclusory allegations are inadequate to establish § 301 preemption. First, Plaintiff's claims are for violations of rights conferred by California state law rather than of rights conferred by a collective bargaining agreement. Second, Defendant has failed to persuade the Court that anything more than "look[ing] at" the agreement would be required to resolve whether Plaintiff or class members were properly paid. See Balcorta, 208 F.3d at 1108. Although reference to the terms of an agreement may be necessary, legal interpretation of those terms is unlikely to be even a marginal aspect of this case. Cf. Ramirez v. Fox Television Station, 998 F.2d 743, 749 (9th Cir. 1993) ("The Bargaining Agreement may be crystal clear – that all or no employees need such verification forms – but Fox nonetheless may have ignored the Bargaining Agreement in Ramirez's case or applied it to her in a discriminatory manner. Thus, reference to or consideration of the terms of a collective-bargaining agreement is not the equivalent of interpreting the meaning of the terms.").

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1984 PA (DTBx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | Brock Hobson v. Linde, LLC, et al. | | |

Because Plaintiff's claims are not premised upon a violation of the collective bargaining agreement and interpretation of the terms of the collective bargaining agreement is not necessary to resolve Plaintiff's claims, this Court does not have federal question jurisdiction premised upon § 301 preemption.

### Conclusion

For the foregoing reasons, the Court concludes that Defendant has not met its burden of establishing that this Court has subject matter jurisdiction over Plaintiff's claims. The Court therefore remands this action to San Bernardino County Superior Court, Case No. CIVDS1613085, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). The Scheduling Conference calendared for November 14, 2016 is vacated.

IT IS SO ORDERED.